UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:19cr146 |
| | ) | |
| HASHEED MILLS | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS**

The Defendant, Hasheed Mills ("Mr. Mills"), by counsel, in accordance with Rule 32 of the Federal Rules of Criminal Procedure, section 6A1.2 of the Sentencing Guidelines and Policy Statements, as well as this Court's Sentencing Order, hereby represents that he has reviewed the Probation Officer's Presentence Investigation Report (PSR). He has no outstanding objections to the report and hereby states his position with respect to the sentencing factors.

**THE SENTENCE REQUESTED**

Mr. Mills is before this Court for sentencing after pleading guilty, pursuant to a plea agreement, in October 2019, to Counts One, Two, Five and Six of the six-count Indictment for his role in selling narcotics and firearms during 2017, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841 (b)(1)(C), and 18 U.S.C. § 924(c)(1)(A). Sentencing is set for February 10, 2021. The PSR correctly states the guideline range of 46 to 57 months imprisonment, plus 120 months consecutive, based on a Total Offense Level of 21 and a Criminal History Category of III. PSR ¶¶ 108-109.

Mr. Mills quickly admitted his involvement in the offenses, expressed remorse for his criminal actions, and pled guilty less than 7 weeks after being Indicted. Despite the wrongfulness of his actions, neither Mr. Mills nor society will benefit from the imposition of an extended prison term. He needs treatment, counseling, and supervision, but he does not need an extensive term of imprisonment beyond

the mandatory minimum sentences in this case. Pursuant to U.S.S.G. § 3E1.1(b) and the terms of the binding plea agreement in this case, the Defendant concurs with, and joins in, the Government's request for the Court to assess a one-point reduction for acceptance of responsibility. A sentence of not more than one hundred and twenty months (120) and one (1) day would promote respect for the law and adequately reflect the seriousness of his offense while also providing him an opportunity to succeed with treatment under the supervision of this Honorable Court.

## THE APPROPRIATE SENTENCE IN THIS CASE

The basic mandate of § 3553(a) provides that, when considering an appropriate sentence in a given case, the Court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in Section 3553(a). This is a requirement that is different than the other factors provided by Section 3553(a), because "sufficient, but not greater than necessary" sets an independent limit on the sentence.

With this independent limit in mind, Congress has required federal courts to impose the least amount of confinement necessary to accomplish the intended sentence. In this respect, the Court must "tak[e] into account the real conduct and circumstances involved in sentencing" as well as the Defendant's personal history and characteristics. *Gall v. United States,* 552 U.S. 38, 54 (2007); 18 U.S.C. § 3553(a)(1). Furthermore, the Court must also "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment ensue." *Id.* at 52.

## SENTENCING ARGUMENT

The nature and circumstances of the offense are contained in the Statement of Facts, which is set forth in paragraph 9 of the PSR. Mr. Mills has taken full responsibility for his criminal conduct, has cooperated fully with the Government, and expressed remorse. He is fully prepared to accept whatever sentence the Court deems appropriate.

Mr. Mills was raised by a single mother since the age of 5 when his father was sentenced to life in prison. He helped support his family by selling drugs before he became a teenager and at the age of 14 he was committed to the Department of Juvenile Justice for 33 months. He has an eighth-grade education and desires to obtain his GED and then take college courses and participate in vocational training. Mr. Mills has 4 young children, all under the age of seven, and he would like to participate in their upbringing. While incarcerated Mr. Mills plans to take courses for educational achievement, vocational skills, and anger management to assist him in deterring future crimes.

## **CONCLUSION**

Given the fact that Mr. Mills admitted involvement in the offense and expressed remorse for his criminal actions, a sentence at the low end of the guidelines range would be appropriate. A sentence of one hundred twenty (120) months and one (1) day would be sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of 18 U.S.C. § 3553(a). Such a sentence would reflect the seriousness of the offenses, promote respect for the law, provide just punishment and afford adequate deterrence to both Mr. Mills and the general public.

Respectfully submitted this the 3rd day of February, 2021.

                                                 /s/
Eric Leckie
VA Bar No. 86847
INVICTUS LAW
1240 Perimeter Parkway, Suite 404
Virginia Beach, VA 23454
Office   (757) 337-2727
Fax      (757) 474-1671
ericleckie@invictus-law.com

**CERTIFICATE OF SERVICE**

 I hereby certify that on the 3rd day of February, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

John F. Butler
Assistant United States Attorney
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Email: john.butler@usdoj.gov

 And I hereby certify that I have sent a copy of the foregoing document to the following non-filing user:

Tara R. Gill
United States Probation Officer
United States Probation Office
827 Diligence Drive, Suite 210
Newport News, Virginia 23606
Email: tara_gill@vaep.uscourts.gov

   /s/
Eric Leckie
VA Bar No. 86847
INVICTUS LAW
1240 Perimeter Parkway, Suite 404
Virginia Beach, VA 23454
Office (757) 337-2727
Fax (757) 474-1671
ericleckie@invictus-law.com